1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

BOARDS OF TRUSTEES OF THE
NORTHWEST PLUMBING AND
PIPEFITTING INDUSTRY HEALTH
WELFARE AND VACATION TRUST, et al.,

Plaintiffs,

v.

DAY & NIGHT MECHANICAL HEATING
AND COOLING, INC., et al.,

Defendants.

Case  No.  C13-6-JPD

ORDER GRANTING MOTION TO
COMPEL AND MOTION FOR
PRODUCTION OF EMPLOYMENT
RECORDS

18

19

20

21

22

23

24

25

26

        Plaintiffs initiated this action in order to enforce the terms of trust agreements entered
into between the parties.  This matter is before the Court on plaintiffs' Motion to Compel
Responses to Requests for Production and Motions to Compel Production of Employment
Security Department Records.  Dkts. 18, 20.  To date, defendants have failed to respond to
either motion.  Having reviewed plaintiffs' motions, the declarations and exhibits attached
thereto, all governing authorities and the balance of the record, the Court ORDERS as follows:

ORDER
PAGE 1

1    (1)    Plaintiffs' Motion to Compel Response to Requests for Production, Dkt. 18, is

2  GRANTED.   Specifically, plaintiffs served the defendants with Requests for Production on

3  March 22, 2013 by e-mail and legal messenger.  Dkt. 19 at ¶¶ 2-3 (First Dwarzski Decl.).  On

4  April 12, 2013, defendants provided Rule 26 disclosures of names of individuals likely to have

5  discoverable information, but otherwise failed to respond to plaintiffs' requests.  *Id*, Ex. C.

6  Plaintiffs followed up by phone and e-mail on April 26, 2013 and April 29, 2013, requesting

7  production of the requested records, but have yet to receive them.  *Id*. at ¶¶ 5-7.  Plaintiffs

8  allege that they require the requested records in order to conduct a payroll audit to determine

9  the exact amount owed to the Trust Funds by the defendants, if anything, as well as the

10  elements of a potential alter-ego claim.

11    Beyond providing the Rule 26 disclosures, defendants have failed to respond to any of

12  plaintiffs' requests.  When parties fail to comply with proper discovery requests, Federal Rule

13  of Civil Procedure 37 authorizes motions to compel discovery.  Fed. R. Civ. P. 37.  "The

14  motion must include a certification that the movant has in good faith conferred or attempted to

15  confer with the person or party failing to make the discovery in an effort to secure the

16  information or material without court action."  Fed. R. Civ. P. 37(a)(2)(B).  The Court has

17  wide discretion in regulating the discovery process.  *Little v. City of Seattle,* 863 F.2d 681, 685

18  (9th Cir.1988).  The Court finds that plaintiffs have attempted to confer with the party failing

19  to make discovery in an effort to secure the information, but these efforts have been

20  unsuccessful.  **Accordingly, defendants are ORDERED to respond to all remaining**

21  **document requests to which it has not already responded within fourteen (14) days of the**

22  **date of this Order.**

23    (2)    Plaintiffs' Motion for Order Requiring Production of Employment Security

24  Department Records of Day & Night Mechanical Heating & Cooling, Inc., and Day & Night

25  HVAC, Inc., Dkt. 20, is also GRANTED.  Specifically, plaintiffs assert that an audit of

26  payroll records for benefit contributions due on behalf of employees performing bargaining

ORDER
PAGE 2

1   unit work for defendants is necessary "the period of June 2011 through current."  Dkt. 21 at ¶

2   1 (Second Dwarzski Decl.).  Plaintiffs represent that "the only other way to determine the

3   amount of contributions due to the plaintiff Trust Funds is by examination of the employer's

4   payroll records, including state taxing information such as the quarterly reports submitted to

5   the State of Washington Employment Security Department.  Defendants have not provided

6   the requested discovery in this lawsuit and plaintiffs must obtain information that would

7   permit a determination by the Trust Funds' auditor of the amounts due and whether the

8   companies are alter-egos."  *Id.* at ¶ 2.

9        In light of the fact that defendants' former legal counsel has terminated his

10  representation, and to date, defendants have failed to obtain a replacement attorney as

11  required by the local rules of this district, the Court finds that the plaintiffs' need for the

12  information contained in these records outweighs the privacy and confidentiality of the

13  information or records.  *See* RCW 50.13.070 (providing that "[i]nformation or records

14  deemed private and confidential under this chapter shall be available to parties to judicial . . .

15  proceedings only upon a finding by the presiding officer that the need for the information of

16  records in the proceeding outweighs any reasons for the privacy and confidentiality of the

17  information or records," and that this finding is required before such information or records

18  shall be available in discovery proceedings).  Accordingly, the Washington State Employment

19  Security Department is ORDERED to produce copies of originals of all documents or records

20  related to employee reports of the employees of defendants Day & Night Mechanical Heating

21  & Cooling, Inc. and Day & Night HVAC, Inc. for the period of June 2011 through the date of

22  this Order.  The Washington State Employment Security Department shall produce these

23  records at a mutually agreed upon time and place with plaintiff's counsel, or failing such

24  agreement, at the offices of plaintiffs' counsel within fourteen (14) days of the date of this

25  Order.  **However, plaintiffs' counsel is ordered to review and maintain these records in**

26  **confidence, and to only disclose information that is absolutely necessary to prosecute**

ORDER
PAGE 3

**this action.**

      (3)     The Clerk is directed to send a copy of this Order to all the parties.

      DATED this 24th day of September, 2013.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE 4