UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE NORTHWEST PLUMBING AND PIPEFITTING INDUSTRY HEALTH WELFARE AND VACATION TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAY & NIGHT MECHANICAL HEATING AND COOLING, INC., et al., <br><br> Defendants. | Case No. C13-6-JPD <br><br> ORDER GRANTING MOTION TO COMPEL AND MOTION FOR PRODUCTION OF EMPLOYMENT RECORDS |

Plaintiffs initiated this action in order to enforce the terms of trust agreements entered into between the parties. This matter is before the Court on plaintiffs' Motion to Compel Responses to Requests for Production and Motions to Compel Production of Employment Security Department Records. Dkts. 18, 20. To date, defendants have failed to respond to either motion. Having reviewed plaintiffs' motions, the declarations and exhibits attached thereto, all governing authorities and the balance of the record, the Court ORDERS as follows:

ORDER
PAGE 1

(1)     Plaintiffs' Motion to Compel Response to Requests for Production, Dkt. 18, is GRANTED. Specifically, plaintiffs served the defendants with Requests for Production on March 22, 2013 by e-mail and legal messenger. Dkt. 19 at ¶¶ 2-3 (First Dwarzski Decl.). On April 12, 2013, defendants provided Rule 26 disclosures of names of individuals likely to have discoverable information, but otherwise failed to respond to plaintiffs' requests. *Id*, Ex. C. Plaintiffs followed up by phone and e-mail on April 26, 2013 and April 29, 2013, requesting production of the requested records, but have yet to receive them. *Id*. at ¶¶ 5-7. Plaintiffs allege that they require the requested records in order to conduct a payroll audit to determine the exact amount owed to the Trust Funds by the defendants, if anything, as well as the elements of a potential alter-ego claim.

Beyond providing the Rule 26 disclosures, defendants have failed to respond to any of plaintiffs' requests. When parties fail to comply with proper discovery requests, Federal Rule of Civil Procedure 37 authorizes motions to compel discovery. Fed. R. Civ. P. 37. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). The Court has wide discretion in regulating the discovery process. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). The Court finds that plaintiffs have attempted to confer with the party failing to make discovery in an effort to secure the information, but these efforts have been unsuccessful. **Accordingly, defendants are ORDERED to respond to all remaining document requests to which it has not already responded within fourteen (14) days of the date of this Order.**

(2)     Plaintiffs' Motion for Order Requiring Production of Employment Security Department Records of Day & Night Mechanical Heating & Cooling, Inc., and Day & Night HVAC, Inc., Dkt. 20, is also GRANTED. Specifically, plaintiffs assert that an audit of payroll records for benefit contributions due on behalf of employees performing bargaining

ORDER
PAGE 2

1  unit work for defendants is necessary "the period of June 2011 through current."  Dkt. 21 at ¶

2  1 (Second Dwarzski Decl.).  Plaintiffs represent that "the only other way to determine the

3  amount of contributions due to the plaintiff Trust Funds is by examination of the employer's

4  payroll records, including state taxing information such as the quarterly reports submitted to

5  the State of Washington Employment Security Department.  Defendants have not provided

6  the requested discovery in this lawsuit and plaintiffs must obtain information that would

7  permit a determination by the Trust Funds' auditor of the amounts due and whether the

8  companies are alter-egos."  *Id.* at ¶ 2.

9  In light of the fact that defendants' former legal counsel has terminated his

10 representation, and to date, defendants have failed to obtain a replacement attorney as

11 required by the local rules of this district, the Court finds that the plaintiffs' need for the

12 information contained in these records outweighs the privacy and confidentiality of the

13 information or records.  *See* RCW 50.13.070 (providing that "[i]nformation or records

14 deemed private and confidential under this chapter shall be available to parties to judicial . . .

15 proceedings only upon a finding by the presiding officer that the need for the information of

16 records in the proceeding outweighs any reasons for the privacy and confidentiality of the

17 information or records," and that this finding is required before such information or records

18 shall be available in discovery proceedings).  Accordingly, the Washington State Employment

19 Security Department is ORDERED to produce copies of originals of all documents or records

20 related to employee reports of the employees of defendants Day & Night Mechanical Heating

21 & Cooling, Inc. and Day & Night HVAC, Inc. for the period of June 2011 through the date of

22 this Order.  The Washington State Employment Security Department shall produce these

23 records at a mutually agreed upon time and place with plaintiff's counsel, or failing such

24 agreement, at the offices of plaintiffs' counsel within fourteen (14) days of the date of this

25 Order.  **However, plaintiffs' counsel is ordered to review and maintain these records in**

26 **confidence, and to only disclose information that is absolutely necessary to prosecute**

ORDER
PAGE 3

1 | **this action.**

2 |   (3)  The Clerk is directed to send a copy of this Order to all the parties.

3 | DATED this 24th day of September, 2013.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE 4